IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3031-WJM-SKC

ZACHARY FABIAN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF**

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment on Plaintiff's Third and Fourth Claims for Relief ("Motion"). (ECF No. 31.) Plaintiff Zachary Fabian filed a response. (ECF No. 32.) Defendant filed a reply. (ECF No. 33.) For the following reasons, the Motion is denied.

**I. STANDARD OF REVIEW**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the

nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. MATERIAL FACTS[1]

On July 24, 2017, Plaintiff was involved in an automobile collision with Christopher Glass.  (ECF No. 31 at 2 ¶ 1.)  Glass was insured with Progressive Insurance under a policy that included $25,000 in bodily injury liability coverage.  (ECF No. 31 at 2 ¶ 2.)  At the time of the motor vehicle accident, Plaintiff was insured under a policy of insurance issued by State Farm that included underinsured motorist ("UIM") insurance coverage.  (ECF No. 31 at 2 ¶ 3.)

On July 15, 2019, Defendant states that it asked Plaintiff to provide it with the following items: (1) medical history; (2) medical records/bills; (3) doctor's notes; (4) doctor's notes to miss work; (5) wage confirmation from employer; and (6) job responsibility.  (ECF No. 31 at 2 ¶ 4.)  Also at that time, Defendant requested Plaintiff sign an Authorization for Release of Information and provide a list of medical providers so that it could request medical records and bills.  (ECF No. 31 at 2 ¶ 4; ECF No. 31-1 at 1 ¶ 4.)  Plaintiff disputes Defendant's characterization of its request for the

---

[1] The following factual summary is based on the parties' briefs on the Motion and documents submitted in support thereof.  These facts are undisputed unless attributed to a party or source.  All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Authorization for Release of Information, stating that Defendant "did not require the authorization." (ECF No. 32 at 1 ¶ 4.) Plaintiff admittedly did not respond to Defendant's July 15, 2019 request for information. (ECF No. 31 at 2 ¶ 5; ECF No. 32 at 2 ¶ 5.) Defendant states that between approximately July 2019 and November 2020, it requested that Plaintiff sign an Authorization for Release of Information and/or provide information concerning medical providers and authorization on numerous occasions. (*See, e.g.*, ECF No. 31 at 2 ¶ 6, at 2–3 ¶ 7, at 4 ¶¶ 17, 19, at 5 ¶ 27, 29, at 7 ¶ 38, at 8 ¶ 40.)

Plaintiff disputes the vast majority of Defendant's factual statements concerning its requests for medical authorizations, stating that he offered to provide modified authorizations to protect his right to privacy (ECF No. 32 at 2 ¶ 11), did not refuse to sign the authorization but expressed concerns about Defendant's ability to use its authorization to get unrelated records (ECF No. 32 at 3 ¶ 18), and had provided access to prior medical records (ECF No. 32 at 7 ¶ 41), among other explanations for balking at signing the release.

Defendant avers that on July 31, 2021, Plaintiff's counsel finally provided Defendant with an authorization, but the authorization was limited to three medical providers even though he had been treated by more than three different medical providers. (ECF No. 31 at 8 ¶ 41.)

The provisions of Plaintiff's insurance policy impose a duty on Plaintiff to provide the information requested by Defendant. The policy states:

> A **person** making a claim under:
>
> a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight

3

>> Coverage, or Loss of Earnings Coverage must:
>
>> . . .
>
>> (3) provide written authorization for us to obtain:
>
>>> (a) medical bills;
>
>>> (b) medical records;
>
>>> (c) wage, salary, and employment information; and
>
>>> (d) any other information we deem necessary to a substantiate the claim.

(ECF No. 31-2 at 1.)

### III. PROCEDURAL HISTORY

On October 13, 2021, Plaintiff filed a lawsuit against Defendant in the District Court for the City and County of Denver. (ECF No. 31 at 8 ¶ 42.) He alleged four claims: (1) underinsured motorist claim; (2) breach of contract; (3) bad faith breach of contract; and (4) violation of Colorado Revised Statutes § 10-3-1115 and § 10-3-1116. (ECF No. 6.) Defendant filed an Answer, which notably does not include a statute of limitations defense. (ECF No. 8.) On November 10, 2021, Defendant removed the case to this Court pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332(a). (ECF No. 1.) On December 23, 2022, Defendant filed the Motion, arguing it is entitled to summary judgment on Plaintiff's third and fourth claims. (ECF No. 31.)

### IV. ANALYSIS

At issue in the Motion are Plaintiff's claims for statutory delay/denial and common law bad faith. In Colorado, a person "engaged in the business of insurance shall not unreasonably delay or deny payment" to an insured. Colo. Rev. Stat. § 10-3-1115(1)(a). To establish a claim under § 10-3-1115, a plaintiff "must therefore show

4

that: (1) benefits were owed under the policy and (2) defendant unreasonably delayed or denied payment of plaintiff's claim." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1201 (D. Colo. 2018).

Next, "[t]he requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim." *Nyborg v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 662305, at *3 (D. Colo. Feb. 19, 2021). An insurer must deal in good faith with its insured. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 496 (Colo. App. 2011) (citing *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004)). "Due to the 'special nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort." *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004) (quoting *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003)). A plaintiff must show that the insurer's conduct was unreasonable and that the insurer acted with knowledge or reckless disregard that its conduct was unreasonable. *See Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1272, 1274 (Colo. 1985).

Here, Defendant argues that Plaintiff fails to provide any factual support that it breached its duty of good faith and fair dealing. (ECF No. 31 at 10–11.) According to Defendant, the undisputed facts establish that it considered Plaintiff's demand for payment of UIM benefits and that it reasonably investigated and evaluated Plaintiff's claim based on the information he provided. (*Id.* at 11.) Defendant points to Plaintiff's repeated delays and failures to respond to its requests for information concerning Plaintiff's medical treatment, including multiple requests that he provide Defendant with

an authorization so that Defendant could begin gathering and reviewing Plaintiff's medical records and bills; Defendant specifically identifies May 1, 2018; September 24, 2018; July 15, 2019; and August 1, 2019 as dates on which it made requests that Plaintiff ignored.  (*Id.*)  When Plaintiff did provide Defendant with information, Defendant asserts that it was incomplete.  (*Id.* at 12–13.)  All of this, Defendant argues, violates the provision of Plaintiff's insurance policy requiring him to provide written authorization for Defendant to obtain medical bills, medical records, and any other information Defendant deems necessary to substantiate the claim.  (*Id.* at 11–12.)

In response, Plaintiff begins by arguing that the "key factor in Plaintiff's decision to file suit in this matter was [Defendant's] false assertion that the statute of limitations on Mr. Fabian's underinsured motorist claim had run, and that [his] claim was now barred."  (ECF No. 32 at 10.)  This bizarre and meritless argument fails for a litany of reasons.  First, he cites no case or statute supporting the proposition that it was *Defendant*'s burden—not his *own attorney's*—to properly analyze the statute of limitations and bring timely claims.  (*See* ECF No. 32.)  In fact, Colorado appellate courts have found "as a matter of law, that there [is] no quasi-fiduciary duty between the insurance company and the insured that would [require] the insurance company to inform the insured about when the statute of limitations would run to bar his UM claim."  *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 856 (Colo. App. 2007).  And even if Plaintiff's argument had a shred of merit, Defendant points out that it *has not raised a statute of limitations defense* (*see* ECF No. 8; ECF No. 33 at 9), causing the Court to wonder why Plaintiff raised this specious argument in the first place.

Additionally, Defendant notes that it specifically encouraged Plaintiff to advise it if

6

its belief that the statute of limitations had run was incorrect, and Plaintiff never pointed out any potential error by Defendant. (ECF No. 33 at 7.) The Court agrees that any potentially mistaken statement by Defendant—made more than two months before the lawsuit was filed—concerning the statute of limitations does not establish any unreasonable delay/denial or bad faith.

Next, Plaintiff argues that evidence of Defendant's violation of industry standards that would support a bad faith claim includes claim representative Chase Martin's failure to consider the use of an authorization other than the one proposed by Defendant. (ECF No. 32 at 14.) He points to the report of his industry standards expert Bill Freas, who "opined that among other issues with Mr. Martin's handling of the claim, that Mr. Martin's failure to consider the use of any authorization other than State Farm's form was unreasonable and in violation of industry standards."[2]  (*Id.*)

In its reply, Defendant does not grapple with the contents of Freas's report, instead arguing that the report "is not the type of admissible evidence that can be considered in deciding a motion for summary judgment." (ECF No. 33 at 9.) Defendant argues that an "unsworn expert report does not create genuine issues of material fact sufficient to defeat a motion for summary judgment." (*Id.* (citing *Allen v. Martin*, 203 P.3d 546 (Colo. App. 2008), and *McDaniels v. Laub*, 186 P.3d 86 (Colo. App. 2008).)

The undersigned has "repeatedly" rejected Defendant's argument. *See*

---

[2] The Court does not appreciate that counsel for Plaintiff did not take the time to cite the page number of the expert report and instead chose to vaguely direct the Court to "relevant parts of Freas Report, Exhibit 18." (ECF No. 32 at 14.) The Tenth Circuit discourages this brand of lazy briefing. *See Est. of McIntire ex rel. McIntire v. City of Boulder*, 61 F. App'x 639, 643 (10th Cir. 2003) ("It is not the responsibility of the court to search the record to find justification for representations made in the briefs.") (citations omitted). The Court strongly cautions Plaintiff's counsel to significantly improve the quality of any future briefing submitted to the undersigned, or risk it being summarily stricken.

*Silverman v. Greenfield*, 2019 WL 409340, at *11 (D. Colo. Jan. 31, 2019); *see also Olivero v. Trek Bicycle Corp.*, 291 F. Supp. 3d 1209, 1214–15 (D. Colo. 2017); *Sanchez v. Hartley*, 299 F. Supp. 3d 1166, 1182 n.11 (D. Colo. 2017); *Pertile v. Gen. Motors, LLC*, 2017 WL 4237870, at *2 & n.3 (D. Colo. Sept. 22, 2017); *Miller v. BNSF Ry. Co.*, 2017 WL 1880603, at *2 (D. Colo. May 9, 2017); *Gunn v. Carter*, 2016 WL 7899902, at *2 (D. Colo. June 13, 2016). The Court has stated that its view is partly informed by the fact that "the procedure surrounding expert reports provides safeguards and indicia of reliability similar to those provided by sworn affidavits or declarations," [*Silverman*, 2019 WL 409340, at *11]; and partly by the "utterly formalistic" nature of the objection, *Sanchez*, 299 F. Supp. 3d at 1182 n.11, which has no bearing on whether "a fact cannot be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2). Accordingly, the Court again rejects the argument that an unsworn expert report cannot be considered in the context of a motion for summary judgment.

Turning to the substance of Freas's statements, the sole portion of Freas's expert report that Plaintiff cites is both conclusory and does not support his argument:

> It should go without saying that it is industry standard that an insurance company should comply with all statutes, regulations and case law, not solely consider its own interests, not act unreasonably, and not violate industry standards in a knowing or willful and wanton manner. State Farm has not done so, but instead has knowingly, willfully and intentionally withheld benefits owed its insured under Mr. Fabian's UIM coverage, contrary to statutes referenced above and C.R.S. 13-21-102. Mr. Martin appears to think Mr. Fabian has obligations to State Farm, but not vice versa.

(ECF No. 32-18 at 4.) Nevertheless, having reviewed the four-page excerpt of Freas's report Plaintiff provided as an exhibit,[3] the Court reluctantly concludes that a genuine

---

[3] Why Plaintiff failed to provide the full report for the Court to review is unclear. (ECF

8

dispute of material fact exists concerning whether Defendant had a "'reasonable basis' for its position concerning the authorization or failure to evaluate the claim." (*Id.* at 3.) In particular, Freas states that "[g]iven State Farm's past history of litigating matters concerning their authorization, the clear explanation why the insured's attorney did not want to use that authorization, and the attorney requests for an evaluation or why a valuation was not done, with no response, State Farm's actions are willful and wanton." (*Id.*)  The Court finds that Freas's statements are sufficient—though just *barely*—to raise a genuine issue of material fact concerning whether Defendant's actions were unreasonable and in violation of industry standards.

## V.   FINAL THOUGHTS

In the Motion, Defendant points out that "Plaintiff has represented that, at most, his medical expenses related to the motor vehicle accident are $17,104.93." (ECF No. 31 at 16 (citing ECF No. 31-4).)  Moreover, it is undisputed that he received $25,000 from the liability insurer. (*Id.*)

Given the nominal amount of damages at issue in the case, the Court has every expectation the parties will successfully resolve this matter before trial.  Proceeding to a four-day jury trial in federal court to resolve this minimal (in terms of amount in controversy) dispute would be a colossal misuse of the Court's limited resources, not to mention the significant time and expense such an undertaking would require of the parties in order to take such a minor dispute to trial.

## VI. CONCLUSION

Accordingly, for the reasons stated, the Court ORDERS as follows:

---

No. 32-18.)

9

1. Defendant's Motion for Summary Judgment on Plaintiff's Third and Fourth Claims for Relief (ECF No. 31) is DENIED; and

2. This case remains set for a four-day jury trial set to begin on **November 13, 2023**. (ECF No. 37.)

Dated this 11th day of August, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge